# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALLANNA WARREN,

     Plaintiff,

v.

CITY OF HENDERSON, *et al.*,

     Defendants.

Case No. 2:23-cv-01503-GMN-NJK

**ORDER**

[Docket No. 22, 23]

Plaintiff filed a complaint and request for additional time on the Docket.  *See* Docket No. 22 (complaint); Docket No. 23 (Plaintiff's request for additional time).

District courts have authority to strike an improper filing under their inherent power to control the docket.  *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988).  "Striking material under the Court's inherent power is wholly discretionary."  *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016).  Courts also have a general duty to avoid deciding unnecessary issues.  *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016).  In deciding whether to exercise their discretion to strike an improper filing, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that have complicated proceedings.  *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015).

Plaintiff's filings are state court documents unrelated to the instant case.  The filings therefore present no dispute to the Court to resolve in furthering the resolution of this action.

Accordingly, the Clerk's Office is **INSTRUCTED** to strike the filings at Docket Nos. 22, 23.  Plaintiff must refrain from filing documents unrelated to the instant case.

IT IS SO ORDERED.

Dated: January 25, 2024

                              Nancy J. Koppe
                              United States Magistrate Judge