UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF HENDERSON NEVADA, *et al.*,<br><br>    Defendants. | Case No.: 2:23-cv-01503-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 1, 30] |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 30. Plaintiff also submitted a complaint. Docket No. 1-1.[1]

I.    *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 30. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

II.    **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the plaintiff's claims. The complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Where claims are brought against multiple defendants, it is important that the complaint clearly allege which defendants are liable for which wrongs. *See id.* Similarly, where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action. *See id.* While allegations of a *pro se* plaintiff are held to less stringent standards, the complaint must still comply with Rule 8. *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

Plaintiff's complaint is 26 pages long and addresses numerous actors, including several who are not formally named as defendants.[2] Docket No. 1-1. Further, the complaint covers a range of alleged conduct including Plaintiff's detention in Washoe County, Nevada, employment in Las Vegas, Nevada, and incidents in Henderson, Nevada. The complaint fails to provide a clear connection between the persons identified and their allegedly unlawful conduct. Moreover, a number of the named Defendants are identified one time in the factual allegations without any detail as to how they are tied to the particular causes of action.[3] Since Plaintiff fails to comply

---

[2] The complaint at times references entities not named as defendants and events that do not appear to involve (in any direct way) the named defendants. For example, the complaint identifies the City of Sparks, Sparks Police Department, Las Vegas Metropolitan Police Department, and Washoe County Jail in allegations surrounding Plaintiff's detention in Northern Nevada and subsequent employment in Las Vegas, Nevada. Docket No. 1-1 at 1-4. Plaintiff does not appear to bring claims against those entities in this case and Plaintiff initiated a separate, unrelated case naming them as defendants. *See Warren v. Sparks Police Department, et al.*, 2:23-cv-00065-GMN-DJA.

[3] For example, Plaintiff names Defendants Tim Buchanan, Gina Waters, Stephanie Nickson, and Lisa Kelso in the factual allegations of her complaint but fails to connect those specific defendants to her causes of action. Accordingly, these Defendants are **DISMISSED** without prejudice.

2

with Rule 8, the Court dismisses her complaint with leave to amend. Any future complaint must comply with Rule 8.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. Docket No. 30. Plaintiff's identical application to proceed *in forma pauperis* is **DENIED** as moot. Docket No. 1. Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 22, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: February 23, 2024

                                                       Nancy J. Koppe
                                                       United States Magistrate Judge