UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>        Plaintiff,<br>vs.<br><br>THE CITY OF HENDERSON NEVADA, *et. al.*,<br><br>        Defendants. | Case No.: 2:23-cv-01503-GMN-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

      Pending before the Court is the Order and Report and Recommendation ("R&R"), (ECF No. 53), from United States Magistrate Judge Nancy J. Koppe, which recommends dismissing this case without prejudice because after Plaintiff's initial complaint was screened and dismissed, Plaintiff failed to file an amended complaint by the provided two-month deadline.

      A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

      On February 23, 2024, the Magistrate Judge screened Plaintiff's complaint, dismissed it with leave to amend, and gave Plaintiff until April 22, 2024, to file an amended complaint. (*See* Order, ECF No. 35).  During that two-month period, Plaintiff did not file an amended

1  complaint, nor did she request an extension.[1] So, on June 20, 2024, another two months later, the Magistrate Judge entered her Report and Recommendation. (R&R, ECF No. 53). Plaintiff immediately filed an Objection, as well as a Motion to Extend Time to file an Amended Complaint, (ECF Nos. 54, 55). The Objection and Motion to Extend Time are based on the same argument: that beginning April 1, 2024, Plaintiff has been dealing with an eviction proceeding, and thus needed more time to file an amended complaint. (Objection 2:8–26); (Mot. Extend Time at 2). The Magistrate Judge found that Plaintiff's failure to file an amended complaint before the deadline was not the "result of excusable neglect" per Local Rule IA 6-1 because since April 1, 2024, Plaintiff has had time to file and pursue appeals in at least two additional cases in this court, (1) *Warren v. Hilton*, 2:24-cv-00678-JAD-NJK (filed April 8, 2024) and (2) *Warren v. Pentagon Fed. Credit Union*, 2:24-cv-00928-JAD-DJA (filed May 14, 2024).

Conducting a *de novo* review of the basis of the Magistrate Judge's Report and Recommendation, the Court accepts her findings and recommendations. The Magistrate Judge provided Plaintiff with two months to amend the claims in her Complaint, which Plaintiff did not do. The Magistrate Judge then waited another two months to recommend dismissal because Plaintiff had still not filed an Amended Complaint or Motion to Extend Time. Plaintiff finally moved for more time after the Report and Recommendation was filed in June, but the Court agrees with the Magistrate Judge that she failed to demonstrate excusable neglect in her delay. The Court therefore ADOPTS the Report and Recommendation and dismisses the case without prejudice.

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 53), is **ACCEPTED and ADOPTED** in full.

---

[1] On the same day as the Magistrate Judge's Order, Plaintiff filed another copy of her first Complaint. (*See* Complaint, ECF No. 36). Because this Complaint is the same as the Complaint filed on September 21, 2023, at the beginning of this case, the Court does not construe it as an Amended Complaint.

1   **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

2   Dated this __16__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court